## JOHN FUNSTON *v.* JOSIAH METCALF.

1. SWAMP AND OVERFLOWED LANDS: TITLE TO, OF THE STATE OF MISSISSIPPI.—The State of Mississippi derives its title to the "swamp and overflowed lands" within its limits by virtue of the act of Congress of the 28th of September, A.D. 1850, and it is not necessary that a patent should issue to the State of Mississippi in order to make the patent from the State to its vendee evidence of title.    35 Miss. 533.

2. SWAMP AND OVERFLOWED LANDS: LOCATION OF, APPROVED BY "SECRETARY OF INTERIOR" BEFORE TITLE VESTS IN STATE.—The title to "swamp and overflowed lands" is not vested in the State, until their location by commissioners appointed for the purpose, and a report of such location to, and approval by, the "Secretary of the Interior." The approval may be express, or inferred from the issuance of a patent to the State.

ERROR to the Circuit Court of Tallahatchie county.   Hon. Wm. Cothran, judge.

*W. H. Fitzgerald,* for plaintiff in error.

*W. S. Eskridge,* for defendant in error.

HARRIS, J., delivered the opinion of the court.

The defendant in error commenced his action of ejectment in the Circuit Court of Tallahatchie county, to recover possession of the land in the declaration mentioned, from the plaintiff in error.   To this declaration the plaintiff in error filed the general issue, and there was a trial and verdict for the plaintiff below; a motion for a new trial, which was refused, and bill of

exceptions taken and allowed, and a writ of error prosecuted to this court.

The errors assigned are, that the court excluded from the jury: 1st, the original patent for the land in controversy, from the United States to Trewolla, under whom plaintiff in error claims to hold title; and 2d, that the court erred in excluding what was agreed to be consistent by counsel, as an authenticated copy of the records of the Commissioners of the General Land Office, showing, or tending to show, that the patent to Trewolla was issued upon a regular certificate, for the purchase of the land in question by him from the United States, on the 15th of October, 1851, when the United States was still the owner in fee thereof.

The second assignment is that the court erred in overruling the motion for a new trial. From the evidence appearing in the bill of exceptions, it appears that the plaintiff below derived his title from a patent issued by the Secretary of State of the State of Mississippi, to one Middleton, dated the 18th day of February, 1853, and authorized to be issued by an act of the legislature of the State of Mississippi, dated the 5th March, 1852.

The land in question was swamp or overflowed land, claimed by defendant in error to have been granted to the State of Mississippi, by the act of Congress of the 28th September, 1850, and the plaintiff below adduced evidence to show that he had title regularly under said patent.

The defendant below introduced a patent from the United States for the same land, dated the 20th day of March, 1858, and then offered to show that this patent was issued upon a *certificate* of purchase by this patentee of the land in dispute (No. 8980), dated the 15th day of October, 1851, under the act of Congress, entitled " an act for the relief of purchasers and locators of swamp and overflowed lands," approved the 2d March, 1855 ; and further, that the tract of land in dispute, was *omitted* from the list of lands reported by the commissioners appointed to select swamp and overflowed lands for the State of Mississippi, to the Commissioner of the General Land

Office of the United States, *before* the approval of the same by him, upon the ground that the land had been previously purchased by Trewolla.

All this proof was contained in what was, by agreement of counsel, to be " considered as a verified copy of the records of the office" of said Commissioner of the General Land Office of the United States.

To the admissibility of this evidence, counsel for plaintiff below objected, which objection was sustained by the court, and this presents the real point in issue here.

It is true, as held by this court in the case of *Fore* v. *Williams*, that the first section of the act of Congress of the 28th September, 1850, grants to the State all swamp and overflowed lands lying within the limits of the State at the date of its passage ; and that it is not necessary that a *patent should issue to the State of Mississippi*, in order to render the patent from the State to its vendee evidence of a legal title. But it is there held, that under the second section of the act of Congress, the lands so granted should be ascertained and located, by the authority and with the approval of the Secretary of the Interior, and that the proof in that case showed a substantial compliance with that act, and a sufficient designation of the lands embraced in it, and vested a complete legal title to the land in dispute in the patentee under the State, without a patent from the United States to the State of Mississippi.

In the case before us, a wholly different question is presented. The plaintiff below claims title to a tract of land, not only not patented to the State of Mississippi, under the second section of the act of Congress, but *omitted* from the patent to the State, as shown by the certificate of A. B. Dilworth, Secretary of State, introduced by plaintiff himself. He certifies that it was confirmed to the State of Mississippi, but not patented.

The evidence offered by the defendant below, and ruled out by the court, tended to show why the land in controversy was not patented to the State of Mississippi. That before the ascertainment of the fact that it was swamp and overflowed land, and before its location by the commissioners appointed for that

purpose, it was sold on the 15th of October, 1851, to Trewolla, under whom plaintiff in error claims title; and that although subsequently reported by said commissioners *for approval*, this land was omitted from the list approved or confirmed, and no patent, for the reasons above stated, was issued to the State therefor. The question in this case is not whether *a patent to the State is* necessary to give the State and its subsequent or prior vendees a legal title to the land; but whether the title to any *particular* swamp or overflowed lands was vested in the State, until ascertainment of the fact that they *were* swamp or overflowed lands, and their location as such, by commissioners to investigate this fact, was reported to the Secretary of the Interior, and approved by him.

In the case before us, the evidence offered tended to show that no such approval was ever made by the Secretary, but purposely withheld, because of a prior sale to the patentee, Trewolla, under whom defendant below claims title.

The case of *Fore* v. *Williams*, 35 Miss., page 533, places the validity of the plaintiff's title upon the facts of the *ascertainment, location, and approval* required by the act of Congress; which facts, it was held in that case, substantially appeared.

Without such approval by the Secretary of the Interior, expressly appearing in evidence, or, by necessary inference, from a patent to the State for the *particular land* in controversy, no title vested in the State thereto, and none could be conveyed by the patent to the plaintiff below. It was error, therefore, to exclude the evidence proposed to be introduced to establish these facts.

Let the judgment be reversed, cause remanded, and a *venire de novo* awarded.