A. L. DANIEL v. MARY PURVIS, next friend, etc.

1. SWAMP AND OVERFLOWED LANDS — TITLE THERETO — ACT OF CONGRESS, 28th SEPTEMBER, 1850.— This act of congress, which made a grant of all swamp and overflowed land within the state to the state, vested at once the title to all such lands in the state. The vesting of the title in the state is not dependent upon a designation of the lands by the secretary of the interior. If the state or its vendee can show that certain lands were swamp and overflowed lands, that establishes the title under the grant. Fore v. Williams, 35 Miss., 536; Railroad Co. v. Smith, 9 Wall., 99.

2. SAME — CASE IN JUDGMENT.— It is admitted that the tract in controversy is swamp and overflowed lands, and in the list of swamp lands located by the state and filed in the office of the secretary of state on the 6th of of Dec., 1856, and submitted to the secretary of the interior 11th of Nov., 1856, and approved 13th of Nov., 1856. That the entry of Purvis, through whom the plaintiff in ejectment claims, was made the 7th of March, 1856. *Held*, that the title of the United States passed to the state by the act of congress of Sept. 20th, 1850, and that no interest remained in the United States to vest in P., the enterer and patentee. That the approval of the plat did not vest the title, but merely designated the land.

ERROR to the Circuit Court of Smith County. Hon. URIAH MILSAPS, Judge.

The facts of the case sufficiently appear in the opinion of the court.

The error assigned is, that the judgment of the court below, upon the agreed facts, should have been for the defendant.

*J. A. P. Campbell*, for plaintiff in error, insisted:

1. That the act of congress of 28th Sept., 1850, vested in the state title to all the swamp and overflowed land in the state. That

the subject of grant was made certain by the location, which, when approved by the secretary of the interior, had relation back to the date of the grant and defeated claims by purchase of the United States after the date of the grant and before the approval of the location.    Fore v. Williams, 35 Miss., 533.    Railroad Co. v. Smith, 9 Wall., 95.

2. That the act of congress of 2d March, 1855, relates wholly to then past entries, and is not prospective.    Nor could an act of congress divest title vested in the state.    Rice v. Railroad Co., 1 Black (U. S.), 358.    That the provisions of this act are a distinct recognition of the rights conferred by act of 2d Sept., 1850.

*W. H. Hardy*, for defendant in error, contended :

1. That no title to swamp and overflowed lands vested in the state until located by the commissioners appointed for that pur￣pose, and a report of such location to and approval by the secretary of the interior.    Funston v. Metcalf, 40 Miss., 504.

2. That under the' rule laid down in Funston v. Metcalf, 40 Miss., 504, Daniel acquired no title from the state, because Purvis had bought from the United States before any location of swamp and overflowed lands was made, or any approval by the secretary of the interior.

SIMRALL, J. delivered the opinion of the court:

W. J. Purvis, the ancestor of the plaintiff, entered the land in dispute, at the land office at Jackson, on the 7th of March, 1856, and on the first of March, 1859, a patent was issued to him by the United States.

A. L. Daniel, the defendant, derives title by mesne convey-ances from C. J. McLauran, who purchased the land from the state, and received a patent the 15th of January, 1857.    The title of the state is under the act of congress of Sept. 28, 1850, which granted to the state " all the swamp and overflowed lands therein," for certain purposes.    The premises sued for are included in the list and plat of such lands, approved by the secretary of the inte-rior the 6th of Dec., 1856.

The decision of the circuit court was in favor of the plaintiff's title, derived by purchase from the United States.

In the case of Fore v. Williams, 35 Miss. Rep., 536-7-8, it was held that the act of congress (above referred to) in its first section, made a grant of the overflowed and swamp lands to the state, which took immediate effect as to all such lands then unsold by the United States. The first section by its terms makes a present grant, and therefore the second section looking to the issuance of a patent to the state after the lands have been located, gives no additional value or significance, which had not already attached to the grant. A certain officer was designated to make out an accurate list and plat of the lands embraced in the grant, which thereby made specific and certain the parcels and tracts of land which passed to the state. In Railroad Co. v. Smith, 9 Wallace, 99, the supreme court put the same construction upon the act of congress, holding that it operated as a present grant " of the swamp and overflowed lands made thereby unfit for cultivation and not sold," and that although the secretary of the interior might long delay or neglect to perfect the lists and maps, it was open to other proof, to show that particular tracts were of the character described in the act. It was not dependent upon a designation of the lands by the secretary, whether they vested or not in the state. But if the state or its vendee could show by witnesses, that certain tracts were swamp and overflowed lands, that established the title under the grant.

The act of congress grants immediately to the state the swamp and overflowed lands, of which no disposition had before that time been made. The words in the act are " unsold."

The ground of the decision in Funston v. Metcalf, 40 Miss., 506-7, was that no approval of the particular parcel was ever made by the secretary, but such approval was purposely withheld, because of a prior sale by the United States.

The agreed facts in this case are, that the tract sued for was " swamp and overflowed " land and " in the list of swamp land

located by the state and filed in the office of secretary of state, on the 6th of December, 1856, and submitted to the secretary of the interior on the 11th of November, 1856, and approved by the secretary November 13th, 1856. The entry by Purvis, through whom the plaintiff in ejectment claims, was made, 7th of March, 1856, several months before the list of swamp lands was approved by the secretary.

In Railroad Co. v. Smith (*supra*), the railroad company claimed under a grant, made by congress May 15, 1856, in aid of the road, which, however, was subject to the exception that it did not attach to any lands which had been previously sold or disposed of by the United States. It was held that the lands which were "swamp and overflowed," and which passed to the state by act of September 28, 1850, were excepted out of the grant to the railroad company — and as we have seen, if it could be shown by testimony, that the land was of the character named in the act — such lands passed to the state, although the secretary of the interior may not have approved a list and plat of them. In the agreed case, it is admitted that the tract sued for was "such" (that it was swamp land in the sense of the act), and further, that "it is in the list," made out and approved by the authorities.

The swamp and overflowed lands vested by virtue of the grant by congress in the state. In this case it is admitted as a fact, that the particular parcel was "swamp land." If so, then no interest remained in the United States which could be sold to Purvis, the enterer and patentee. The designation of a list and plat, approved by the secretary of the interior, was to identify the land. The title passed to the state, by virtue of the grant in the act of 1850 ; the list and plat served to identify the subject of the grant. See Wray v. Doe, *ex demise*, etc., 10 S. & M., 452 ; Harris v. McKissick, 34 Miss., 469 ; Minter et al. v. Shirley, 45 Miss., 376, et seq.

In the case of Ford v. Williams, *supra*, the patent from the state bore date the 20th of March, 1855, and the date of the entry at United States land office, was 3d of November, 1854. The

list and approval of the secretary thereto, of the swamp lands was dated 31st of January, 1855. If the title remained in the United States subject to sale, before this list and plat was made out and approved, plainly the purchaser from them would have had the better title. But as the grant has been construed, it takes effect presently, and therefore a purchaser from the state gets a title which relates back to the date of the grant by congress, and must prevail over any purchaser from the United States subsequent thereto. ·

On the agreed facts, the verdict ought to have been for the defendant.

Judgment reversed, and cause remanded.