ANN W. DOWD *v.* LOUISVILLE, NEW ORLEANS & TEXAS RY. CO.

EVIDENCE.   *Recital in state's deed.   Conveyance.   Title.*

> A patent or certificate of entry by the proper officer of the state for lands
> donated to it by the United States, although in due form and reciting such
> donation, is insufficient in ejectment to prove title *in* the state, without
> which proof the patent or certificate will be unavailing.   *Funston* v. *Met-
> calf*, 40 Miss. 504.

FROM the chancery court of Bolivar county.

HON. W. R. TRIGG, Chancellor.

Appellant sought the jurisdiction of chancery to cancel appellee's
claim to certain lands.   To establish her title, she introduced a cer-
tificate of entry from J. W. McMaster, commissioner of swamp
lands for this state, purporting to be a transcript from the records
of his office, and reciting that the lands in controversy had been
donated to the state of Mississippi by the United States under an
act of congress of September 28, 1850, and that the state had
conveyed the same to one James Brown by patents dated in 1853.
She also exhibited a deed to herself from Brown.

In view of the opinion of the court, which is confined to a single
point, it is not necessary to set out the defendant's chain of title, or
to give the arguments of counsel touching this and many other
points presented by the assignments of error, but not discussed in
the opinion.

*Moore & Jones*, for appellant.

The certificate from the swamp land office is made *prima facie*
evidence of title by § 1625, code 1880, and is also competent under
§ 1632.   It is certified as a true copy of the list of lands donated
to the state by the act of congress of September 28, 1850, and
numerous acts of the legislature on the subject abundantly show
that the list of swamp lands located by the state, and approved
by the secretary of the interior, and filed in the office of the secre-
tary of state, now constitute a part of the records of the office of
the swamp land commissioner.   Laws 1877, p. 34.

By the location of the land donated, the title vested absolutely in
the state.   *Daniel* v. *Purvis*, 50 Miss. 263.

The records in the office of the commissioner are evidence of the facts stated therein, and as such must be received in the courts. A different rule would in all probability destroy a majority of titles, many of the patentees being dead. *Galt* v. *Galloway*, 4 Peters, 332; 1 Greenl. Ev. §§ 483, 493. The record is of equal dignity with the patent. 96 U. S. 316; 13 Cal. 562; 4 Watts, 327. In any event, appellant showed a complete equitable title, and this is sufficient. *Bradford* v. *Hall*, 36 Fed. Rep. 801.

The certificate is the best evidence of title and would perhaps control the patent in the event of fraud or mistake, since a patent is only *prima facie* evidence of title. *Minter* v. *Shirley*, 45 Miss. 376; 11 Wheat. 380; 9 Cranch, 87; *Jackson* v. *Dilworth*, 39 Miss. 772.

*Phelps & Skinner*, on the same side.

*W. P. & J. B. Harris*, for appellee.

What is called a certificate of entry or purchase is merely a copy of the register made and kept by the secretary of state under the act of 1852 (Laws 1852, p. 41) regulating swamp lands. This certificate was not made until 1889. In cases like this the secretary of state was never required to issue certificates of purchase. It follows that § 1625, code 1880, which provides that copies "from the book of entries .... in the office of the secretary of state or other public office when certified by the officer having charge thereof shall be admissible in evidence in the same manner and with the same effect as the original certificate of entry," can have no application.

The books of the office if produced would show that preliminary steps had been taken to authorize the issuance of patents, such as the location of the scrip, the county to which it belonged, the date of the location etc. The patent is the instrument of conveyance, and that is not produced. There is no evidence even that the lands are swamp lands. The certificate, even the patent itself, is not evidence of title *in* the state. It cannot be made evidence of title to the state from the United States and of a deed from the state to James Brown.

Argued orally by *W. P. Harris*, for appellee.

CAMPBELL, J., delivered the opinion of the court.

There was a failure by the complainant to show title *in* the state of Mississippi, without which even a patent by the state would have been unavailing, *Funston* v. *Metcalf*, 40 Miss. 504, and the cause failed for want of this first step, which precludes the consideration of any other question, since the decree is correct upon the whole record.

*Affirmed.*